```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
ROHAN HAMILTON,

                        Petitioner,
                                                                    ORDER
        -against-                                                   13-CV-4336 (JBW)

WILLIAM LEE,

                        Respondent.
------------------------------------------------------------X
```
GOLD, S., U.S.M.J.:

By Order dated May 29, 2015, I approved petitioner's motion for leave to retain an expert to assist in the evaluation of potentially hazardous materials. Docket Entry 85. Petitioner has now submitted a voucher from the retained expert seeking payment in the amount of $12,086.76. For the reasons stated below, I have determined that some of the items for which payment is sought should be disallowed.

Petitioner's expert is based in Rhode Island. Given the nature of the required expertise and the difficulty reported by petitioner's counsel finding an expert, I conclude that it was proper for petitioner to retain an expert from out of town. Accordingly, and appropriately, the expert seeks reimbursement for travel and lodging expenses. The amounts sought, however, are unreasonable. For August 19, 2015, the expert seeks to be reimbursed for a total of $117.40 for lunch and dinner. For August 20, 2015, the expert seeks to be reimbursed for a total of $215.12 for breakfast, lunch and dinner. The 2015 per diem rate for meals and incidental expenses for federal employees in New York City is $71.00 per day. *See* www.gsa.gov/portal/category/100120. Limiting the expert to this per diem amount results in a reduction of $46.40 for August 19 and $144.12 for August 20.

The expert also seeks reimbursement for a hotel room charge of $435.60. The hotel receipt does not appear to support the amount claimed. In any event, the per diem rate for lodging for federal employees in New York City in August of 2015 was $235.00. *See* www.gsa.gov/portal/category/100120. A further reduction of $200.60 is therefore appropriate.

Under the heading "reimbursables," the expert seeks $862.50 for "1.00" of Paul Matuszko, Certified Industrial Hygienist. The unit being measured by "1.00" is nowhere stated; assuming, as seems logical, that the reference is to one hour of labor, the hourly rate is far above any amount this Court would approve. Moreover, while the expert has submitted receipts for such minor expenses as a $14.00 toll, there does not appear to be any receipt for Matuszko's $862.50. I accordingly conclude that the payment to the expert should be reduced by an additional $862.50.

Finally, the expert seeks $100.08 for a car service he took to the Erie Basin. The expert also seeks reimbursement, however, for overnight valet parking and tolls, indicating he had an automobile with him and seeks payment for the consequent expenses he incurred. There would appear to be no reason to retain a car service when a personal vehicle is available. I accordingly reduce the amount sought by the expert by this amount as well.

For the reasons stated above, the voucher submitted by petitioner's expert seeking a payment of $12,086.76 is reduced by $1,353.70 (46.40 + 144.12 + 200.60 + 862.50 + 100.08) to $10,7332.06.

**SO ORDERED.**

/s/
**STEVEN M. GOLD**
**United States Magistrate Judge**

Brooklyn, New York
October 5, 2015

U:\Hamilton expert voucher.docx