UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| |
|---|
| ROHAN HAMILTON,<br>                       Petitioner,<br><br>       – against –<br><br>WILLIAM LEE, Superintendent,<br>                       Respondent. |

**MEMORANDUM AND ORDER**
13-CV-4336

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ NOV 10 2015 ★
BROOKLYN OFFICE

**Appearances**

    **For Petitioner:**

    Lawrence Mark Stern
    Lawrence Stern
    100 Hudson Street, #6A
    New York, New York 10013

    **For Respondent:**

    Anthea Hemery Bruffee
    Kings County District Attorney's Office
    350 Jay Street
    20th Floor - Appeals Bureau
    Brooklyn, New York 11201



**JACK B. WEINSTEIN, Senior United States District Judge:**

This is a criminal case affected by Hurricane Sandy. Petitioner's Rule 60(b) motion raises serious evidentiary questions requiring further expert analysis. The court is troubled by the results of a recent examination conducted by petitioner's expert, which concluded that no latent palm print was present on apparently critical evidence—the duct tape recovered from the victim's body. Although evidentiary hearings are disfavored in *habeas* petitions, the unusual circumstances of this case warrant expert testimony on newly available evidence.

Petitioner Rohan Hamilton brings a Rule 60(b) motion requesting relief from this court's judgment of March 27, 2015 which denied his *habeas corpus* petition. Mot. to Alter J., Sept. 29, 2015, ECF No. 92 ("Mot. to Alter J."). He was convicted of Murder in the Second Degree, N.Y. Penal L. § 125.25(1), and Criminal Possession of a Weapon in the Second Degree, N.Y. Penal L. § 265.03(2) in the death of Shanti Paschal, the mother of his child. One of the key pieces of evidence against him was a latent palm print claimed to have been lifted by the New York Police Department ("NYPD") from duct tape recovered from the victim's body. The duct tape in question was introduced at trial but no independent testing was carried out by petitioner's trial counsel.

At the time of the hearing on petitioner's *habeas* petition, the tape was not available. It had been stored in a warehouse submerged by Hurricane Sandy. The court addressed the merits of petitioner's arguments without considering unavailable duct tape evidence. The NYPD was reminded of its "continuing obligation to produce the duct tape, and to expedite that production to the extent possible." *See Hamilton v. Lee*, 94 F. Supp. 3d 460, 481 (E.D.N.Y. 2015). After considerable effort, the claimed tape has been rescued from warehouse debris.

Petitioner's expert conducted a limited examination of the reclaimed tape on August 20, 2015. He concluded that no latent palm print appeared on the "crumpled" duct tape specimens recovered from the victim's body. *See* Mot. to Alter J., Ex. A.

Due to the unusual circumstances of this case and the desirability of developing a complete factual record for the Court of Appeals for the Second Circuit, the court determines that petitioner's claims relating to the newly available duct tape evidence are properly raised in the context of a Rule 60(b) motion challenging the dismissal of the *habeas corpus* petition. *See Hamilton*, 94 F. Supp. 3d.

1

Given the apparently negative results of the examination of the now available tape conducted by petitioner's expert, an evidentiary hearing will be conducted on November 19, 2015 at 10:00 a.m. Both parties are directed to appear with qualified appropriate experts prepared to address, among other relevant issues: (1) why the latent print previously identified by the NYPD on the duct tape appears to no longer be visible; (2) what kind of further examination, if any, could be carried out to determine whether there is, or was, a print on any part of available duct tape; and (3) any other issues raised by the parties.

SO ORDERED.

Jack B. Weinstein
Senior United States District Judge

Dated: November 10, 2015
Brooklyn, New York